Filed 11/14/23  P. v. Brambila CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

|  |  |
|---|---|
| THE PEOPLE,<br><br>   Plaintiff and Respondent,<br><br>     v.<br><br>GUILLERMO JUNIOR BRAMBILA,<br><br>   Defendant and Appellant. | G062193<br><br>(Super. Ct. No. 07CF4182)<br><br>O P I N I O N |

Appeal from a postjudgment order of the Superior Court of Orange County, Andre Manssourian, Judge.  Affirmed.

Jennifer A. Gambale, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

We appointed counsel to represent Guillermo Junior Brambila on appeal from the denial of his petition under Penal Code section 1172.6.[1] Counsel filed a brief that set forth the facts of the case. Counsel did not argue against her client but advised the court she found no issues to argue on his behalf.

Counsel advised the court the applicable law in this case is *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*), and the procedures set forth in *People v. Wende* (1979) 25 Cal.3d 436, and *Anders v. California* (1967) 386 U.S. 738 (*Anders*), do not apply to this case. (*Delgadillo, supra*, 14 Cal.5th at pp. 227, 231.) Thus, when appointed appellate counsel finds no viable issues, counsel should file a brief informing the court that counsel has found no arguable issues and including a concise recitation of facts relating to the denial of the petition. (*Id*. at p. 231.) The reviewing court should send the brief to the defendant with notice that the defendant has the right to file a supplemental brief or letter within 30 days, and if no brief or letter is filed, the appeal may be dismissed. (*Id.* at pp. 231-232.) If the defendant fails to file a supplemental letter or brief, the court retains discretion to conduct an independent review of the record in any particular section 1172.6 appeal. (*Delgadillo*, *supra*, 14 Cal.5th at p. 232.)

On April 19, 2023, counsel was directed to send the record of this appeal and a copy of appellant's brief to Brambila immediately. Brambila was granted 30 days to file any supplemental brief deemed necessary. Brambila was advised if no such supplemental brief is filed the court may dismiss the appeal as abandoned. (*Delgadillo, supra,* 14 Cal.5th at p. 232.) More than 30 days passed, and Brambila failed to file a supplemental brief or letter. We exercise our discretion to review the record.

---

[1] Effective June 30, 2022, the Legislature renumbered Penal Code section 1170.95 to section 1172.6 without substantive change. (Stats. 2022, ch. 58, § 10.) For purposes of clarity, we refer to the statute as section 1172.6 throughout the opinion. All further statutory references are to the Penal Code.

2

To assist the court in conducting a discretionary independent review of the record, counsel provided the court with one issue: whether the trial court erred when it found Brambila failed to establish a prima facie case for relief under section 1172.6. (*Anders, supra,* 386 U.S. at pp. 744-745.) We have independently reviewed the record. We found no arguable issues on appeal. We affirm the postjudgment order.

FACTS

A complete recitation of the facts can be found in our prior nonpublished opinion, *People v. Brambila* (May 27, 2015, G046681). The sole issue in this appeal is whether the trial court erred when it found Brambila ineligible for resentencing under section 1172.6. We include here only the facts relevant to the limited issue on appeal.

A jury convicted Brambila of, inter alia, conspiracy to commit murder and attempted murder of unnamed persons, as well as the first degree murder of Eric Guerrero. The trial court had provided the jury a set of standard instructions, which included CALCRIM Nos. 521 (first degree murder), 563 (conspiracy to commit murder), and 600 (attempted murder). Under those instructions, to convict Brambila of any of the relevant offenses, the jury was required to find that he had acted with the intent to kill. The court also instructed the jury under CALCRIM No. 401 (aiding and abetting: intended crimes), which provided that to convict Brambila as an aider and abettor to a crime, the jury was required to find that he intended to aid that crime. The court did not instruct the jury on the natural and probable consequences doctrine or on a theory of felony murder. Following the jury's verdict, the court sentenced Brambila to life in prison without the possibility of parole and additional prison terms.

In September 2022, Brambila filed a petition for resentencing under section 1172.6. The prosecution filed a response. The trial court appointed the public defender who filed a brief in support of Brambila's petition. The court conducted a prima facie hearing and denied the petition, finding Brambila had not established a prima facie case

3

of eligibility. It explained: "A review of the instructions presented to the jury at trial makes clear there was no felony murder doctrine or natural and probable consequences theory upon which the jury could have convicted [Brambila]. Whether [the] jury found [Brambila] guilty as the actual killer, as a direct aider and abettor, or as a co-conspirator, the record of conviction shows he possessed the requisite intent to kill." Brambila appealed.

## DISCUSSION

Senate Bill No. 1437 (2017-2018 Reg. Sess.) (SB 1437) (Stats. 2018, ch. 1015) amended sections 188 and 189, effective January 1, 2019, to eliminate natural and probable consequences liability for murder and to limit the scope of the felony-murder rule. (*People v. Lewis* (2021) 11 Cal.5th 952, 957, 959 (*Lewis*).) Under sections 188 and 189, as amended, murder liability can no longer be "imposed on a person who [was] not the actual killer, did not act with the intent to kill," and "was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f); *Lewis, supra,* 11 Cal.5th at p. 959.) SB 1437 also added section 1172.6 which, as originally enacted, set forth a procedure whereby a "person convicted of felony murder or murder under a natural and probable consequences theory" could petition for resentencing relief. (Stats. 2018, ch. 1015, § 4.)

Senate Bill No. 775 (2021-2022 Reg. Sess.) (SB 775), effective January 1, 2022, amended section 1172.6, subdivision (a), to expand the individuals entitled to petition for resentencing. (Stats. 2021, ch. 551, § 1, subd. (a).) Subdivision (a) of section 1172.6 now expressly permits individuals convicted of attempted murder or manslaughter under a natural and probable consequences theory to file a petition for resentencing relief. A section 1172.6 petition is required to make "'a prima facie showing' for relief. [Citation.]" (*Lewis, supra,* 11 Cal.5th at p. 960.) In *Lewis,* our Supreme Court held, "The record of conviction will necessarily inform the trial court's prima facie inquiry

4

under section [1172.6], allowing the court to distinguish petitions with potential merit from those that are clearly meritless." (*Id.* at p. 971.) To be eligible for relief under section 1172.6, the petitioner must make a prima facie showing that he or she "could not presently be convicted of murder or attempted murder because of changes to [s]ection 188 or 189 made effective January 1, 2019." (§ 1172.6, subd. (a)(3).)

Here, the trial court correctly denied Brambila's petition because the record revealed he was convicted on theories of murder and attempted murder that remained valid notwithstanding SB 1437's amendments to sections 188 and 189. Specifically, the jury instructions given at trial established that the jury found Brambila had acted with the intent to kill. He could not have been convicted under the natural and probable consequences doctrine or a theory of felony murder for the simple reason that the jury was not instructed on those theories. We find no error.

## DISPOSITION

The postjudgment order is affirmed.


O'LEARY, P. J.

WE CONCUR:


MOTOIKE, J.


DELANEY, J.


5